# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARTNERS ALLIANCE CORPORATION, a California Corporation, and PORTFOLIO SERVICES LIMITED, INC., a Texas Corporation,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ALLY BANK, a Utah Corporation; CAPITAL ONE FINANCIAL CORPORATION, a Delaware Corporation; CITIZENS BANK, NA, a Delaware Corporation; FIFTH THIRD BANK, NA, an Ohio Corporation; FLAGSHIP CREDIT ACCEPTANCE LLC, a Delaware Limited Liability Company; KINECTA FEDERAL CREDIT UNION, a federally chartered credit union; WELLS FARGO & COMPANY, a Delaware Corporation; and Does 1 through 20,<br><br>　　　　　　　　　Defendants. | Case No.: 3:24-cv-01222-H-DDL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Doc. No. 11] |

　　On August 21, 2024, Defendants Ally Bank, Capital One Financial Corporation, Fifth Third Bank, N.A., Citizens Bank, N.A., Flagship Credit Acceptance LLC, Kinecta Federal Credit Union, Wells Fargo & Company, and Wells Fargo Bank, N.A. (collectively,

"Defendants") filed a motion to dismiss ("MTD") Plaintiffs Partners Alliance Corporation ("PAC") and Portfolio Services Limited, Inc.'s ("Portfolio") (collectively, "Plaintiffs") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 11.) On September 18, 2024, Plaintiffs filed a response in opposition ("Opp.") to Defendants' motion to dismiss. (Doc. No. 13.)[1] On September 30, 2024, the Court took the matter under submission. (Doc. No. 14.) Defendants filed a reply on October 9, 2024. (Doc. No. 16.) For the reasons below, the Court grants Defendants' motion to dismiss with leave to amend.

## BACKGROUND

Plaintiffs are administrators of a consumer product called a guaranteed asset protection ("GAP") waiver, also known as a GAP addendum or GAP agreement, that automobile dealers sell to borrowers financing vehicle purchases. (Compl., Doc. No. 1-2 ¶ 16; GAP Addendum, Doc. No. 1-2 at 29-31.) A GAP waiver amends a vehicle financing contract to provide that in the event the purchased vehicle suffers a total loss, the creditor will waive any remaining unpaid balance on the financing contract. (Id.)

Plaintiffs enter into "Dealer Agreements" with dealerships, which authorize the dealerships to sell GAP waivers to borrowers. (Compl., Doc. No. 1-2 ¶ 16; Dealer Agreement, Doc. No. 1-2 at 26-27.) In a typical vehicle finance transaction, a borrower enters into a financing contract with a dealership. (Compl., Doc. No. 1-2 ¶ 18.) The borrower may choose to amend their financing contract by adding a GAP waiver, signed by the borrower and the dealership. (Compl., Doc. No. 1-2 ¶ 16; GAP Addendum, Doc. No. 1-2.) The dealership then assigns the financing contract and GAP waiver to a creditor, through a separate agreement with the creditor. (Compl., Doc. No. 1-2 ¶ 18.) Defendants are creditors to whom financing contracts and GAP waivers were assigned. (Id.)

---

[1] Plaintiffs request that the Court take judicial notice of various exhibits relating to the legislative history of California AB 2311. (Doc. No. 13-1.) The Court denies Plaintiffs' request for judicial notice as moot as the Court does not reference or cite to the documents at issue in Plaintiffs' request.

Plaintiffs' GAP waiver provides that borrowers have "the unconditional right to cancel" the addendum "for a refund/credit of the unearned portion of the charge" for the addendum "at any time[.]" (GAP Addendum, Doc. No. 1-2 at 29.) The waiver states that a borrower who cancels the GAP waiver within 30 days of purchase will receive a full refund of the addendum cost. (Id.) After 30 days, the borrower will receive a full refund "less a $50.00 cancellation fee, where such cancellation fee is permitted by law." (Id.)

On January 1, 2023, California AB 2311 went into effect, which states: "A cancellation fee, termination fee, or similar fee shall not be assessed in connection with the termination of a guaranteed asset protection waiver." (Compl., Doc. No. 1-2 ¶ 15.) After AB 2311 went into effect, Defendants stopped deducting cancellation fees from refunds they issued to borrowers who cancelled their GAP waivers after 30 days. (Id. ¶ 21.) Plaintiffs allege that as a result, Defendants then overcharged dealerships for the refunds of the unearned GAP fees. (Id. ¶ 20.) Plaintiffs further allege that numerous dealerships have turned around to Plaintiffs and demanded reimbursement for the amount Defendants overcharged them. (Id. ¶ 21.) Plaintiffs allege that Defendants' application of AB 2311 to GAP waivers from before January 1, 2023 is improper and unconstitutional. (Id. ¶¶ 19, 21.) Based on these allegations, Plaintiffs assert claims for breach of contract (Id. ¶¶ 22-52) and seek compensatory damages, declaratory relief, and injunctive relief.

On June 10, 2024, Plaintiffs filed a complaint against Defendants in the Superior Court of California, County of San Diego. (Doc. No. 1-2.) On July 16, 2024, Defendants removed the matter to this Court. (Doc. No. 1.) By the present motion, Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' complaint in its entirety with prejudice for failure to state a claim upon which relief can be granted. (Doc. No. 11.)

## DISCUSSION

### I.  Legal Standard for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has

failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011) (citing Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see L.A. Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 800 (9th Cir. 2017).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must "accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." L.A. Lakers, 869 F.3d at 800 (quoting AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)). But a court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. "Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). In addition, a court may consider

documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "A district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (citation omitted).

## II.     Analysis

Plaintiffs' complaint states that it "arises from [Defendants'] unconstitutional interpretation and application of California AB 2311 to apply retroactively to GAP Addendum contracts entered into before [AB 2311 was enacted,] thus failing to pay contractual cancellation fees to [Plaintiffs.]" (Compl., Doc. No. 1-2 ¶ 1.) Based on the allegations in the complaint, Plaintiffs bring claims against Defendants for breach of contract. (Id. ¶¶ 22-52.)

Under California law, the elements of a breach of contract claim are (1) the existence of a contract between the parties; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) the resulting damage to plaintiff. D'Arrigo Bros. of Cal. v. United Farmworkers of Am., 224 Cal. App. 4th 790, 800 (2014). Here, at a minimum, the complaint fails to sufficiently allege the first and third elements of a breach of contract claim.

### A.     The Complaint Does Not Sufficiently Allege the Existence of a Contract Between Plaintiffs and Defendants

#### 1.     The Complaint Does Not Sufficiently Allege that Plaintiffs are Parties to the GAP Agreements

The parties dispute whether Plaintiffs have sufficiently alleged the existence of a contract between them. Plaintiffs argue the GAP waivers constitute a contract between Plaintiffs and Defendants. (Compl., Doc. No. 1-2 ¶¶ 28, 45; Opp., Doc. No. 13 at 15-17.) Defendants argue the GAP waivers are contracts not between Plaintiffs and Defendants, but rather between borrowers and automobile dealerships, and after assignment, between

borrowers and creditors such as Defendants. (MTD, Doc. No. 11 at 9.) Accordingly, Defendants argue, Plaintiffs lack privity of contract with Defendants and cannot state a claim for breach of the GAP waivers. (Id.)

In order for a contract to exist between parties there must be (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient cause or consideration. Cal. Civ. Code § 1550. In order for consent to be mutual, the parties must all agree upon the same thing in the same sense. Cal. Civ. Code § 1580. "[O]nly parties to a contract, hence those in privity to it, have rights or liabilities under the contract." McCormick v. US Bank, N.A., 2012 WL 12869274, at *4 (S.D. Cal. Oct. 30, 2012) (citing U.S. Trust Co. v. Wabash W. Ry. Co., 150 U.S. 287, 308 (1893)); see also Hatchwell v. Blue Shield of Cal., 198 Cal. App. 3d 1027, 1034 (1988) ("Someone who is not a party to the contract has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the contracting party.").

Plaintiffs first argue this element is met because they "have alleged that they are a party to the GAP Addendums and do so based on the factual allegations summarized above." (Opp., Doc. No. 13 at 15.) But the Court need not accept Plaintiffs' legal conclusions as true. Iqbal, 556 U.S. at 678. And as Defendants note, the express language of the GAP waiver states that the agreement is between the borrower and the creditor, which indicates that Plaintiffs are not party to the waivers. (MTD, Doc. No. 11 at 9-10.) Plaintiffs argue that the Court need not address the contractual language of the GAP waiver because the waiver is not subject to judicial notice. (Opp., Doc. No. 13 at 15-16.) But a court may consider documents incorporated into the complaint by reference. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). Plaintiffs filed the sample GAP waiver here as an exhibit to their complaint. (Compl., Doc. No. 1-2 ¶ 17; id. at 23-24, 29-31.) Accordingly, the Court may consider the GAP waiver in reviewing Defendants' motion to dismiss.

Plaintiffs argue that to the extent the Court considers the language in the GAP waiver, that language shows that Plaintiffs are in fact named as parties to the contract.

(Opp., Doc. No. 13 at 16.) Plaintiffs point specifically to the following from the paragraph about the borrower's right to cancel: "In order to receive any refund due in the event of the early termination of the finance agreement, You . . . must provide a written request to cancel to the Dealer/Creditor, Administrator, or other such party[.]" (GAP Addendum, Doc. No. 1-2 at 29.) The waiver mentions "the Administrator" several other times in the contract, particularly to inform borrowers whom they must contact in the event of a qualifying loss. (See id.) The sample waiver provided here identifies Plaintiff PAC as the dealer's administrator. (Id.) But these references to Plaintiffs, even to Plaintiffs as "parties" in the general sense of the word, do not necessarily mean Plaintiffs are themselves parties with rights and liabilities under the contract. To the contrary, the first line of the GAP waiver clearly states: "The Addendum is between the Customer/Borrower (You or Your) and the Dealer/Creditor (We, Us, or Our) or if the Financing Contract is assigned with the assignee." (Id.) Moreover, the contract contains signature lines for "customer/borrower" and "dealer/creditor," but none for an administrator. (Id.) Plaintiffs note that signing a written contract is not the exclusive method for demonstrating assent to an agreement, but do not allege other facts to show what part they had in the formation of the contract embodied by the GAP agreement.[2]

      Overall, the Court agrees with Defendants that the complaint fails to sufficiently allege that the GAP waiver constitutes a contract between Plaintiffs and Defendants such that Plaintiffs may sue Defendants for its breach. Should Plaintiffs wish to allege any additional facts showing that Plaintiffs and Defendants mutually assented to an agreement embodied by the GAP waiver, they may do so in an amended complaint.

---

[2] Plaintiffs also suggest in their opposition that an implied contract exists between Plaintiffs and Defendants. (Opp., Doc. No. 13 at 17.) But the GAP agreement is not an implied contract; it is an express contract formed through explicit agreement in writing. And as Defendants note, the complaint does not allege the existence of any other agreements between Plaintiffs and Defendants. (MTD, Doc. No. 11 at 10.) Should Plaintiffs wish to allege additional facts to support their theory of implied contract, they may do so in an amended complaint.

### 2. The Complaint Does Not Sufficiently Allege that Plaintiffs Are Third-Party Beneficiaries

In their opposition, Plaintiffs argue that even if the Court determines they were not parties to the GAP agreements, they may nonetheless sue for breach of the agreements as third-party beneficiaries. (Opp., Doc. No. 13 at 17-18.) Although Plaintiffs did not clearly assert their breach of contract claims under a third-party beneficiary theory in the complaint, the Court nonetheless discusses this argument below because it grants Plaintiffs leave to amend.

"A third party beneficiary may enforce a contract made for its benefit." Hess v. Ford Motor Co., 27 Cal. 4th 516, 524 (2002); see Cal. Civ. Code § 1559. But "[t]he standard to achieve third party beneficiary status is a high one." Stasi v. Inmediata Health Grp. Corp., 501 F. Supp. 3d 898, 920 (S.D. Cal. Nov. 19, 2020). "To sue as a third-party beneficiary of a contract, the third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party." Comer v. Micor, Inc., 436 F.3d 1098, 1102 (9th Cir. 2006) (quoting Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1211 (9th Cir. 2000)).

To determine whether a contract was made for a third party's benefit, courts "carefully examine[] the express provisions of the contract at issue" and "all of the relevant circumstances under which the contract was agreed to." Goonewardene v. ADP, LLC, 6 Cal. 5th 817, 829-30 (2019). Ultimately, the court must determine "not only (1) whether the third party would in fact benefit from the contract, but also (2) whether a motivating purpose of the contracting parties was to provide a benefit to the third party, and (3) whether permitting a third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties." Id. All three elements must be satisfied to permit the third-party action to go forward. Id. "Although disputes regarding purported third-party beneficiaries may in some circumstances be questions of fact, dismissal at the pleading stage is appropriate where it is clear from the terms of the contract and the

circumstances alleged in the complaint that the plaintiff was not a third-party beneficiary." City of Oakland v. Oakland Raiders, 2019 WL 3344624, at *14 (N.D. Cal. July 25, 2019) (citations omitted).

Here, the express provisions of the GAP waiver do not suggest that a motivating purpose of the agreement was to benefit Plaintiffs. Although the waiver mentions Plaintiffs' role as administrators, it does not specify that Plaintiffs would receive the cancellation fees paid by borrowers, nor does it seem to identify any other benefit Plaintiffs would receive as a result of the GAP waivers. Rather, the express terms provide that in exchange for additional payment from a borrower, a creditor will waive any remaining unpaid balance on the borrower's automobile financing contract in the event of a total loss of the vehicle.

Further, Plaintiffs have not sufficiently alleged any circumstances to show the GAP agreements were formed for Plaintiffs' benefit. The complaint alleges that Defendants "had a duty . . . to withhold the approximate $50.00 cancellation fee for the benefit of [Plaintiffs,]" and that by "not giving credit for cancellation fees, [Defendants] depriv[ed] the parties of the benefits they built into the GAP waivers." (Compl., Doc. No. 1-2 ¶¶ 20, 26, 43.) The complaint also explains how Plaintiffs benefit generally from the overall "GAP program," i.e., by entering into Dealer Agreements that authorize dealerships to sell borrowers GAP waivers in exchange for payment. (Compl., Doc. No. 1-2 ¶¶ 16; id. at 23-24, 26-27.) At most, these allegations establish that Plaintiffs benefit from authorizing the sale of GAP agreements, and that before Defendants ceased withholding cancellation fees from borrowers, Plaintiffs benefited from the performance of those agreements. But "[u]nder the intent test, 'it is not enough that the third party would incidentally have benefited from performance.'" Spinks v. Equity Residential Briarwood Apartments, 171 Cal. App. 4th 1004, 1022 (2009) (quoting Souza v. Westlands Water Dist., 135 Cal. App. 4th 879, 891 (2006)). Rather, Plaintiffs must allege facts showing that a motivating purpose of the GAP agreements was to benefit Plaintiffs.

In sum, Plaintiffs have alleged their own intent to benefit from the performance of

the GAP waivers. But Plaintiffs have not sufficiently alleged that the GAP agreements reflect an express or implied intention of the parties to benefit Plaintiffs. Accordingly, the complaint does not state a breach of contract claim on a third-party beneficiary theory. Should Plaintiffs wish to allege any additional facts in support of their argument that they may sue for breach of the GAP waivers as third-party beneficiaries, they may do so in an amended complaint.

### B. The Complaint Does Not Sufficiently Allege Defendants' Breach

Even assuming Plaintiffs can sufficiently allege the existence of a contract between Plaintiffs and Defendants, they must also allege facts to show Defendants breached that contract. Plaintiffs' complaint fails to plausibly allege that Defendants breached the GAP waivers.

"In an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached." Young v. Facebook, Inc., 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011); see also Miron v. Herbalife Int'l, Inc., 11 Fed. App'x 927, 929 (9th Cir. 2001) ("The district court's dismissal of the Mirons' breach of contract claims was proper because the Mirons failed to allege any provision of the contract which supports their claim."). The language of the contract governs a court's interpretation of the parties' obligations when the language is clear and explicit. Vons Cos., Inc. v. U.S. Fire Ins. Co., 78 Cal. App. 4th 52, 58 (2000) (citing Gen. Star Indem. Co. v. Sup. Ct., 47 Cal. App. 4th 1586, 1592 (1996)).

Plaintiffs generally allege that Defendants breached the GAP waivers by ceasing to withhold cancellation fees from certain refunds they issued to borrowers. Specifically, Plaintiffs allege that the GAP waivers required Defendants "to deliver to each consumer a partial refund of GAP fees in the event of the early payoff of the associated loan or lease, less a cancellation fee in favor of [Plaintiffs.]" (Compl., Doc. No. 1-2 ¶¶ 24, 41.) They further allege that Defendants breached their "duty to apply the cancellation fee when calculating a refund due from a dealer to the consumer." (Id. ¶¶ 28, 45.) They allege that "[p]ursuant to the terms of the GAP Addendum upon early cancellation of the GAP

Addendum, PAC or Portfolio would calculate the partial refund, and for its services was in part entitled to receive an administrative cancellation fee of $50.00." (Id.)

Plaintiffs' allegations are not supported by the express terms of the GAP waiver. The language in the GAP waiver that pertains to cancellation fees reads, in relevant part, as follows:

> YOUR RIGHT TO CANCEL: You have the unconditional right to cancel this optional Addendum for a refund/credit of the unearned portion of the charge for this Addendum at any time . . . If you cancel within 30 days of the Addendum purchase, you will receive a full refund/credit of the Addendum cost, provided no loss has occurred. After 30 days, you will receive a refund/credit of the Addendum cost calculated by the Pro Rata refund method . . . less a $50.00 cancellation fee, where such cancellation fee is permitted by law . . . Any refund/credit due you will first be issued to the Dealer/Creditor and applied to any amount owed still owed [sic] to the Dealer/Creditor under the finance agreement. If the refund/credit is not received within 60 days of notice of cancellation, contact the Administrator shown below.

(GAP Addendum, Doc. No. 1-2 at 29.)

These terms provide that borrowers who cancel a GAP waiver after 30 days are entitled to a pro-rated refund, minus a $50 cancellation fee. But contrary to Plaintiffs' allegations, the terms do not clearly state that Defendants had a "duty to apply the cancellation fee when calculating a refund due from a dealer to the consumer," nor do they state that Plaintiffs "for [their] services [were] in part entitled to receive an administrative cancellation fee of $50.00." (Compl., Doc. No. 1-2 ¶¶ 24, 28, 41, 45.) To the contrary, the terms of the GAP waiver are rather vague about who precisely will give borrowers their refunds, and the terms are silent as to who will ultimately receive any cancellation fees withheld. Although the terms state that borrowers who cancel after 30 days "will" receive a refund less a cancellation fee, they do not explicitly state that it is the dealer/creditor who is obligated to issue borrowers that refund, nor that it is the dealer/creditor who is obligated to deduct a cancellation fee first. In fact, a plausible reading of the agreements' terms seems to contemplate that by the time the dealer or creditor is issued the refund due to the borrower, a cancellation fee will have already been deducted, as the waiver's terms state

1  that "[a]ny refund/credit due" to the borrower "will first be issued to the Dealer/Creditor[.]"
2  (GAP Addendum, Doc. No. 1-2 at 29.)  In any event, it is not clear that the express terms
3  of the contract support Plaintiffs' allegation that Defendants had a "duty to apply the
4  cancellation fee when calculating a refund due from a dealer to the consumer." (Compl.,
5  Doc. No. 1-2 ¶¶ 28, 45.)

6        Plaintiffs' own statements regarding the processes by which borrowers received their
7  refunds suggest that those processes varied, which reflects the ambiguity discussed above
8  in the GAP waiver's terms.  The allegations in Plaintiffs' complaint are based on the idea
9  that when a borrower cancels their GAP waiver, Defendants issue the borrower a refund
10 directly and then seek to reimburse their own costs.  Indeed, Plaintiffs state in their
11 opposition that "[o]n many occasions, for business reasons, more often these days than not,
12 the lender will pay the buyer for the entire amount due for the cancellation and will bill the
13 dealer for that amount and the dealerships then reimburse the lender for the bill amount."
14 (Opp., Doc. No. 13 at 5.)  But by Plaintiffs' own account, this is not always how refunds
15 are issued.  They further suggest that on other occasions, when a borrower cancels a GAP
16 waiver, "Plaintiffs as administrators will calculate the amount of the GAP Addendums'
17 purchase price that has not been earned and will then issue a refund to the dealer less a
18 cancellation fee[,]" at which point the dealer will "reimburse its unearned profits" with the
19 amount it receives from Plaintiffs, "and will [then] pay the appropriate amount" to the
20 borrower or lender.  (Id.)  This latter description seems to align with the language in the
21 GAP waiver suggesting that any applicable cancellation fee will have already been
22 deducted from the amount due to the borrower before that amount is first issued to the
23 dealer, which would mean that it is not Defendants' responsibility to withhold applicable
24 cancellation fees.  In any event, even accepting as true Plaintiffs' claim that lenders
25 frequently issue refunds to borrowers out of pocket and then request reimbursement from
26 dealers, it is still not clear that the express terms of the GAP waiver require them to do so.
27       Overall, Plaintiffs have not alleged facts sufficient to show that Defendants breached
28 any duty under the GAP waivers "to apply the cancellation fee when calculating a refund

due from a dealer to the consumer," as Plaintiffs allege. (Compl., Doc. No. 1-2 ¶¶ 28, 45.) Accordingly, they have not alleged facts sufficient to show that Defendants breached the GAP waivers. Should Plaintiffs wish to allege any additional facts showing Defendants breached the GAP waivers, they may do so in an amended complaint.

### C. Because the Complaint Fails to State any Breach of Contract Claim, the Court Does Not Reach Plaintiffs' Arguments Regarding Defendants' Application of AB 2311

The primary argument motivating Plaintiffs' complaint is that they have been harmed by Defendants' erroneous interpretation and application of AB 2311. (Compl., Doc. No. 1-2 ¶ 21; see also Opp., Doc. No. 13 at 6-11). They specifically argue that Defendants' interpretation of AB 2311 is inconsistent with the Contracts Clause of the California and U.S. Constitutions. (Compl., Doc. No. 1-2 ¶¶ 29, 46, 54; Opp., Doc. No. 13 at 6-15).[3] In their own words, "[a]ll that the Plaintiffs are requesting in their Complaint and in response to this motion, is that the Court review [AB 2311, codified at] California Civil Code § 2982.12(a) and its legislative history and determine that it was not intended to apply retroactively to contracts that existed prior to its effective date." (Opp., Doc. No. 13 at 12.) But Plaintiffs' only claims against Defendants are for breach of contract, and as explained above, the complaint fails to state any breach of contract claim. Accordingly, Plaintiffs' arguments regarding the constitutionality of AB 2311 are unnecessary to the determination of this motion.

---

[3] Plaintiffs' complaint explicitly alleges that Defendants' interpretation of AB 2311 conflicts with the Contracts Clause of the California Constitution. (Compl., Doc. No. 1-2 ¶¶ 29, 46, 54.) But as Defendants note in their notice of removal, the complaint cites U.S. Supreme Court and Ninth Circuit cases dealing with the Contracts Clause of the U.S. Constitution. See Compl., Doc. No. 1-2 ¶¶ 29-30 (citing Gen. Motors Corp. v. Romein, 503 U.S. 181, 186; Northwestern Nat'l Life Ins. Co. v. Tahoe Regional Planning Agency, 632 F.2d 104, 106 (9th Cir. 1980); and Sveen v. Melin, 584 U.S. 811, 819 (2018)).

## CONCLUSION

For the reasons above, the Court grants Defendants' motion to dismiss and dismisses Plaintiffs' complaint with leave to amend. See Doe v. United States, 58 F.3d at 497 ("A district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts."). Plaintiffs may file an amended complaint within **thirty (30) days** from the date of this order to cure the deficiencies in their complaint if they can do so.

**IT IS SO ORDERED.**

DATED: October 28, 2024

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT