1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

8
9
10

PARTNERS ALLIANCE
CORPORATION, a California
Corporation, and PORTFOLIO
SERVICES LIMITED, INC., a Texas
Corporation,

                    Plaintiffs,

v.

ALLY BANK, a Utah Corporation;
CAPITAL ONE FINANCIAL
CORPORATION, a Delaware
Corporation; CITIZENS BANK, NA, a
Delaware Corporation; FIFTH THIRD
BANK, NA, an Ohio Corporation;
FLAGSHIP CREDIT ACCEPTANCE
LLC, a Delaware Limited Liability
Company; KINECTA FEDERAL
CREDIT UNION, a federally chartered
credit union; WELLS FARGO &
COMPANY, a Delaware Corporation; and
Does 1 through 20,

                    Defendants.

Case No.:  3:24-cv-01222-H-DDL

**ORDER REMANDING THE CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

26

On June 10, 2024, Plaintiffs Partners Alliance Corporation ("PAC") and Portfolio Services Limited, Inc.'s ("Portfolio") (collectively, "Plaintiffs") filed a complaint in the Superior Court of California, County of San Diego against Defendants Ally Bank, Capital

One Financial Corporation, Fifth Third Bank, N.A., Citizens Bank, N.A., Flagship Credit Acceptance LLC, Kinecta Federal Credit Union, Wells Fargo & Company, and Wells Fargo Bank, N.A. (collectively, "Defendants").  (Doc. No. 1-2.)  On July 16, 2024, Defendant Ally Bank removed the matter to this Court pursuant to 28 U.S.C. § 1331 on the basis of federal question jurisdiction.  (Doc. No. 1.)

On April 9, 2025, the Court ordered the parties to show cause, on or before April 23, 2025, why the case should not be remanded to state court.  (Doc. No. 29.)  Defendants filed their response on April 23, 2025.  (Doc. No. 30.)  Plaintiffs did not file any response to the Court's order.  For the following reasons, the Court remands the case to the Superior Court of California, County of San Diego.

## **DISCUSSION**

Federal courts are courts of limited jurisdiction.  United States v. Mark, 530 F.3d 799, 810 (9th Cir. 2008).  "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998).  Only cases that would have had original jurisdiction in a federal district court may be removed from state court.  28 U.S.C. § 1441(a).  The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  Provincial Gov't v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Gaus, 980 F.2d at 566 (internal quotation marks omitted).  The court must remand a case that has been removed "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c).  See also Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held

that the district court must remand if it lacks jurisdiction.").

**A.    Federal Law Does Not Create the Basis of Any Cause of Action in the First Amended Complaint**

Defendant Ally Bank removed this case to federal court on the basis of federal question jurisdiction. (Doc. No. 1 ¶ 12.) Whether a claim "arises under" federal law for removal purposes is determined by the same "well-pleaded complaint rule" that determines original federal question jurisdiction. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998). A claim arises under federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 27-28 (1983). See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (holding that the "party who brings the suit is the master to decide what law he will rely upon.").

The operative FAC raises claims for intentional interference with contractual relations, declaratory relief, and injunctive relief.[1]    (FAC, Doc. No. 20 ¶¶ 23-45.) Plaintiffs' claim for intentional interference with contractual relations arises under state law. Plaintiffs do not state the legal basis underlying their claims for declaratory and injunctive relief. As such, federal law does not create any of Plaintiffs' causes of action here. In their response to the Court's order to show cause, Defendants cite cases where Ninth Circuit courts exercised jurisdiction over federal and state Contracts Clause claims. (See Doc. No. 30 at 4.) But there is no Contracts Clause claim here. Rather, Plaintiffs bring a claim for intentional interference with contractual relations and related claims for declaratory and injunctive relief, and such claims are motivated by their theory that Defendants are unconstitutionally applying California AB 2311.

---

[1]    The FAC also asserts a claim for negligent interference with contractual relations. (See FAC, Doc. No. 20 ¶¶ 35-42.) However, in their opposition, Plaintiffs concede that such claim is not allowed under California law and agree to dismiss it. (See Opp., Doc. No. 26 at 4 n.1.)

**B.    No Disputed Question of Federal Law is a Necessary Element of Plaintiffs' Claim for Intentional Interference with Contractual Relations**

Although federal law does not form the basis for any of Plaintiffs' claims, in its notice of removal, defendant Ally Bank argued that removal is nonetheless proper because each of Plaintiffs' claims arise from their contention that Defendants are interpreting and applying California AB 2311 in violation of the Contracts Clauses of the United States and California Constitutions, and accordingly, resolution of Plaintiffs' claims "necessitates an evaluation of the Contracts Clause of the United States Constitution." (Doc. No. 1 ¶¶ 11, 13.)  In the FAC, Plaintiffs argue the Court has jurisdiction in part because "the declaratory relief cause of action seeks interpretation of California Law and Federal Law." (FAC, Doc. No. 20 ¶ 13.)  In their response to the Court's order to show cause, Defendants argue Plaintiffs' intentional interference claim "depends on this Court finding that AB 2311 cannot, consistent with the Contracts Clause of the U.S. Constitution, be applied to GAP Agreements entered into prior to January 1, 2023." (Doc. No. 30 at 1-2.)

Even where a complaint only asserts claims arising under state law, removal jurisdiction may still be proper "if 'it appears that some substantial, disputed question of federal law is a *necessary* element of one of the well-pleaded state claims[.]'" Rains v. Criterion Sys., Inc., 80 F.3d 339, 345 (9th Cir. 1996) (quoting Franchise Tax Bd., 463 U.S. at 1).  See also Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005) (recognizing that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues").  "[F]ederal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013).  "Only a few cases have fallen into this 'slim category.'" City of Oakland v. BP PLC, 969 F.3d 895, 904 (9th Cir. 2020) (quoting Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 701 (2006)).

The elements of Plaintiffs' intentional interference claim are: "(1) a valid contract

between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." Quelimane Co. v. Stewart Title Guar. Co., 19 Cal. 4th 26, 55 (1998), as modified (Sept. 23, 1998) (quoting Pac. Gas & Elec. Co. v. Bear Stearns & Co., 50 Cal. 3d 1118, 1126 (1990)).

In opposition to Defendants' motion to dismiss the FAC, Plaintiffs argued that Defendants' unconstitutional interpretation and application of AB 2311 is causing them to interfere with Plaintiffs' contractual rights. (See Opp., Doc. No. 26 at 22-28.) But it is not necessary to their claim that Plaintiffs show what caused or motivated the acts alleged to have interfered with their contractual rights. In other words, whether Defendants' interpretation of AB 2311 comports with the Contracts Clause of the U.S. Constitution is not a *necessary* element of Plaintiffs' intentional interference claim. And while Defendants argue in their motion to dismiss that their application of AB 2311 is in line with the U.S. and California Constitutions (see MTD, Doc. No. 25 at 17-23), potential defenses under federal law do not give rise to removal jurisdiction. See Franchise Tax Bd., 463 U.S. at 10 n.9 ("Commentators have repeatedly proposed that some mechanism be established to permit removal of cases in which a federal defense may be dispositive. But those proposals have not been adopted." (citations omitted)).

As stated above, Defendants argue this claim "depends on this Court finding that AB 2311 cannot, consistent with the Contracts Clause of the U.S. Constitution, be applied to GAP Agreements entered into prior to January 1, 2023." (Doc. No. 30 at 1-2.) Specifically, Defendants argue that Plaintiffs must show they have a *valid* contract with which Defendants interfered, and in order to prove the contract in question is valid, "Plaintiffs must overcome AB 2311's plain-text application, which requires them to prove AB 2311's application to those contracts would violate the Contracts Clause of the United States Constitution." (Doc. No. 30 at 2.) But the contract with which Plaintiffs allege Defendants have interfered is the Dealer Agreement, which is the contract between Plaintiffs and

dealerships that authorizes the dealerships to sell GAP waivers to borrowers. [2]  (FAC, Doc. No. 20 ¶ 16; Dealer Agreement, Doc. No. 20 at 15-16.)  The Dealer Agreement's validity in no way depends on the constitutionality of AB 2311, nor on whether AB 2311's application to certain provisions of certain GAP Agreements raises constitutional issues.

In sum, while Plaintiffs believe that Defendants are interpreting AB 2311 against the Contracts Clause of the U.S. Constitution, deciding this question of federal law is unnecessary to determining whether Defendants intentionally interfered with their contractual rights.  Accordingly, the Court lacks subject matter jurisdiction over the claim.

## C.    The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Requests for Declaratory and Injunctive Relief

The remaining claims in the FAC are for declaratory and injunctive relief.  But declaratory and injunctive relief are requests for remedies, not substantive causes of action.  See Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) ("[D]eclaratory and injunctive relief are not causes of action; rather, they are remedies.") (citing McDowell v. Watson, 59 Cal. App. 4th 1155, 1159 (1997)); Linkhart v. U.S. Bank Nat. Ass'n, 2010 WL 1996895, at *4 (S.D. Cal. May 17, 2010) (same); Santos v. Countrywide Home Loans, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009) (same).  "[A] cause of action is determined by the primary right alleged to have been violated, not by the remedy sought."  McDowell, 59 Cal. App. 4th at 1159.

The primary rights Plaintiffs allege has been violated are their contractual rights under the Dealer Agreements.  Indeed, Plaintiffs' arguments in support of their claims for declaratory and injunctive relief show they are requests for remedies in connection with

---

[2]    The FAC also suggests that Defendants interfered with the GAP waivers.  (See FAC, Doc. No. 20 ¶ 33 ("Defendants knew that their actions were disrupting and interfering with the Dealer Agreements and the GAP Addendums").)  But Plaintiffs clarify in their opposition to Defendants' motion to dismiss the FAC that their intentional interference argument is based only on the Dealer Agreements.  (See Doc. No. 26 at 15-16.)

their intentional interference claim.  (See FAC, Doc. No. 20 ¶ 27 (arguing a judicial declaration is necessary to determine whether Defendants have interfered with Plaintiffs' contractual right to cancellation fees); id. ¶ 44 (arguing an injunction is necessary to protect Plaintiffs' contractual right to cancellation fees).)  Accordingly, Plaintiffs' requests for declaratory and injunctive relief are not substantive causes of action over which the Court has subject matter jurisdiction.

## CONCLUSION

For the reasons above, the Court concludes that it lacks subject matter jurisdiction to hear the case. Accordingly, the Court remands this case to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

DATED:  May 5, 2025

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT